IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

2010 DEC 15 P 5:09

| MICHAEL W. MILLS | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:10-CV-538 |
| | ) Phillips / Guyton |
| ALLIED INTERSTATE, INC., | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Michael W. Mills, (hereinafter "Plaintiff") is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Interstate, Inc. (hereinafter "Defendant") is a for-profit corporation organized in Minnesota, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), that

maintains CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929, as its registered agent for service of process in Tennessee.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a bill to Directv in the approximate amount of $173.51.

7. Sometime prior to October 14, 2009, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

### *December 7, 2009 Collection Letter and Telephone Calls*

8. On October 5, 2004, Plaintiff filed a Chapter 13 bankruptcy case.

9. On October 8, 2009, Plaintiff's Chapter 13 bankruptcy case was converted to a case under Chapter 7.

10. On October 23, 2009, Defendant was served by Plaintiff's bankruptcy attorney with a copy of the Notice of Conversion, Meeting of Creditors and Deadlines issued by the Bankruptcy Court Clerk on October 8, 2009.

11. On or about November 2, 2009, Defendant sent a collection letter to Plaintiff dated November 2, 2009.

12. The November 2, 2009 collection letter stated that the amount due was $173.51.

13. The November 2, 2009 collection letter further stated that:

> "DIRECTV has given us the authority to settle your account for less than the total Amount Due. This letter confirms our agreement to accept one single

payment for 80% of the Amount Due as final settlement on the Amount Due listed above. This is a limited opportunity and contingent upon the clearance of your good funds."

14. Within a year prior to the filing of this Complaint, Plaintiff received a collection letter from Defendant dated December 7, 2009.

15. The December 7, 2009 collection letter from Defendant was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

16. The December 7, 2009 collection letter stated that the amount due was $173.51.

17. The December 7, 2009 collection letter further stated that:

"DIRECTV has given us the authority to settle your account for less than the total Amount Due. This letter confirms our agreement to accept one single payment for 75% of the Amount Due as final settlement on the Amount Due listed above. However, settling your account rather than paying it in full will not entitle you to service reactivation.

To take advantage of this settlement offer we must receive your payment at the post office box referenced below no later than the close of business 30 days from the date of this letter. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety. This is a limited opportunity and contingent upon the clearance of your good funds."

18. Within a year prior to the filing of this Complaint, Plaintiff received telephone calls from Defendant in an attempt to collect the debt.

19. Each telephone call was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

20. By communicating with Plaintiff by sending the December 7, 2009 collection letter and making telephone calls when Defendant had actual knowledge that the debt had been included in Plaintiff's bankruptcy case was the false representation of the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and the use of a false, deceptive, or misleading representation or means in connection with collection of the debt and an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

21. Prior to sending the December 7, 2009 collection letter and making the telephone calls to Plaintiff, Defendant failed to contact Plaintiff's attorney to inquire about his continued representation of Plaintiff with respect to the debt.

22. Prior to sending the December 7, 2009 collection letter and making the telephone calls to Plaintiff, Defendant failed to contact Plaintiff's attorney provide him an opportunity to respond within a reasonable period of time to a communication from Defendant regarding his continued representation of Plaintiff.

23. Plaintiff's attorney never consented to direct communication with Plaintiff by Defendant in connection with collection of the debt.

24. The December 7, 2009 collection letter was sent and the telephone calls to Plaintiff were made at a time when Defendant had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt.

25. By communicating with Plaintiff in connection with the collection of the debt when it had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the

4

Case 3:10-cv-00538-TWP-HBG  Document 1  Filed 12/15/10  Page 4 of 7  PageID #: 4

alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

*Summary*

26. The above-detailed conduct by Defendant in connection with collection of the debt, including, but not limited to falsely represented the character, amount, or status of the debt and communicating directly with Plaintiff in connection with collection of the debt when it had actual knowledge that Plaintiff was represented by and attorney with respect to the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/15/10                                    Respectfully submitted,

                                            **MICHAEL W. MILLS**

                                            _____
                                            Alan C. Lee, Esq., BPR # 012700
                                            Attorney for Plaintiff
                                            P. O. Box 1357
                                            Morristown, TN 37816-1357
                                            (423) 736-0201
                                            info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF JEFFERSON )

    Plaintiff Michael W. Mills, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 11/30/10      By: _Michael W. Mills_
                                            Michael W. Mills

Subscribed and sworn to before me this 30 day of November 2010.

_Cynthia Damron_
Notary Public

[Notary Seal: CYNTHIA M. DAMRON, STATE OF TENNESSEE NOTARY PUBLIC, JEFFERSON COUNTY, My Commission Expires March 24, 2014]

7